| | |
|---|---|
| 1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 |   Shon Morgan (Bar No. 187736) |
|   |   shonmorgan@quinnemanuel.com |
| 3 | 865 South Figueroa Street, 10th Floor |
|   | Los Angeles, California 90017-2543 |
| 4 | Telephone: (213) 443-3000 |
|   | Facsimile: (213) 443-3100 |
| 5 |   Kari Wohlschlegel (Bar No. 294807) |
|   |   kariwohlschlegel@quinnemanuel.com |
| 6 |   Christine W. Chen (Bar No. 327581) |
|   |   christinechen@quinnemanuel.com |
| 7 | 50 California Street, 22nd Floor |
|   | San Francisco, California 94111-4788 |
| 8 | Telephone: (415) 875-6600 |
|   | Facsimile: (415) 875-6700 |
| 9 |   Cristina Henriquez (Bar No. 317445) |
|   |   cristinahenriquez@quinnemanuel.com |
| 10 | 555 Twin Dolphin Drive, 5th Floor |
|   | Redwood Shores, California 94065 |
| 11 | Telephone: (650) 801-5000 |
|   | Facsimile: (650) 801 5100 |

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVY CHO, BRYAN ROTHMALER, BETH MAKIE, ANNA CHMURA, ANTHONY BANDERAS, MICHELLE SMITH, CATHERINE LITTLE, LUTICIA THOMPSON, and THOMAS THOMPSON, on behalf of themselves and all others similarly situated, | Case No.: 8:22-cv-00448-FWS-KES **JOINT CASE MANAGEMENT STATEMENT** |
| Plaintiffs, | |
| v. | |
| HYUNDAI MOTOR COMPANY, LTD. and HYUNDAI MOTOR AMERICA, INC., KIA AMERICA, INC., and KIA MOTORS CORPORATION, | |
| Defendants. | |

- 1 -

JOINT CASE MANAGEMENT STATEMENT

Plaintiffs Davy Cho, Bryan Rothmaler, Beth Makie, Anna Chmura, Anthony Banderas, Michelle Smith, Catherine Little, Luticia Thompson, and Thomas Thompson ("Plaintiffs") and Defendants Hyundai Motor Company, Ltd., Hyundai Motor America, Inc., Kia America, Inc., and Kia Corporation ("Defendants") (collectively the "Parties"), having met and conferred through counsel, submit this Joint Case Management Statement pursuant to the Reassignment Order, ECF No. 24.

a. **The date the case was filed**:

March 23, 2022.

b. **A list or description of each party**:

Plaintiffs are purchasers of vehicles manufactured by Defendants. Plaintiffs allege that their vehicles have experienced excessive engine oil consumption caused by a defect.

Plaintiff Davy Cho is a resident and citizen of California who purchased a 2022 Hyundai Santa Fe.

Plaintiff Bryan Rothmaler is a resident and citizen of Illinois who purchased a 2017 Hyundai Tucson Sport.

Plaintiff Beth Makie is a resident and citizen of Massachusetts who purchased a 2016 Kia Sorento.

Plaintiff Anna Chmura is a resident and citizen of Wisconsin who purchased a 2018 Hyundai Santa Fe Sport.

Plaintiff Anthony Banderas is a resident and citizen of Nevada who purchased a 2020 Hyundai Kona.

Plaintiff Michelle Smith is a resident and citizen of Florida who purchased a 2016 Hyundai Sonata.

Plaintiff Catherine Little is a resident and citizen of Texas who purchased a 2017 Hyundai Sonata.

Plaintiffs Luticia Thompson and Thomas Thompson are residents and citizens of Kentucky who purchased a 2016 Kia Sorento.

Defendant Hyundai Motor Company, Ltd. ("HMC") is a South Korean multinational automaker headquartered in Seoul, South Korea. HMC is the parent corporation of Hyundai Motor America, Inc. ("HMA").

Defendant HMA is incorporated in the State of California with its principal place of business in Fountain Valley, California. HMA markets, distributes, and sells Hyundai automobiles in California and throughout the United States.

Defendant Kia Corporation ("KC") is a multinational South Korean corporation. KC's largest shareholder is HMC.

Defendant Kia America, Inc. ("KA") is incorporated and headquartered in the State of California with its principal place of business in Irvine, California. KA markets, distributes and sells Kia automobiles in California and throughout the United States.

**c. A summary of all claims, counterclaims, crossclaims, or third party claims:**

Plaintiffs allege that Defendants failed to disclose to Plaintiffs and similarly situated customers, despite their longstanding knowledge, that the engines in the Class Vehicles contain a latent manufacturing defect that results in excessive engine oil consumption, which can lead to engine stalling and catastrophic engine failure (the "Oil Consumption Defect"). Plaintiffs allege violations of the Magnuson Moss Warranty Act, breach of express warranty, breach of implied warranty of merchantability, unjust enrichment, negligent misrepresentation, fraudulent concealment, violations of California's Consumer Legal Remedies Act, violations of California's Unfair Competition Law, violations of California's False Advertising Law, violation of the Song-Beverly Consumer Warranty Act, violation of the Nevada Deceptive Trade Practices Act, violation of the Wisconsin Deceptive Trade Practices Act, violation of the Massachusetts Consumer Protection Act, violation of the Florida Deceptive and

Unfair Trade Practices Act, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act.

No counterclaims, crossclaims, or third-party claims have been filed.

Defendants are still evaluating Plaintiffs' claims and will respond to the complaint on June 28, 2022, in accordance with the Court's order granting the Parties' Stipulation Regarding Service of Process. (ECF No. 28.) Defendants deny that the asserted class vehicles contain the purported Oil Consumption Defect.

d. **A brief description of the events underlying the action:**

Plaintiffs purchased vehicles manufactured and distributed by Defendants as alleged in their complaint. This action arises from Defendants' alleged failure to disclose to Plaintiffs and similarly situated consumers, despite their longstanding knowledge, that the engines in the Class Vehicles contain a latent manufacturing defect that results in excessive engine oil consumption and resulting catastrophic engine failure. Plaintiffs allege this defect often causes the engines in the Class Vehicles to experience sudden and unexpected vehicle stalling during operation, as well as catastrophic engine failure.

e. **A description of the relief sought and the damages claimed with an explanation as to how the damages have been (or will be) computed:**

Discovery has not yet begun, but at this time Plaintiffs seek all of the relief identified in the Complaint, which includes: certification of the putative classes; appointment of Plaintiffs as class representatives and Plaintiffs' counsel as class counsel; an award of all damages and restitution to which Plaintiffs and the class members are entitled, including pre-judgment and post-judgment interest; appropriate injunctive and/or declaratory relief, including an order that enjoins Defendants from continuing the unfair business practices alleged in the Complaint; an award of attorneys' fees and costs; and such further relief as may be appropriate.

Defendants deny that the asserted class vehicles contain the purported Oil Consumption Defect and deny that Plaintiffs are entitled to any relief.

**f. The status of discovery, including any significant discovery management issues, as well as any limits or cutoff dates:**

Discovery has not yet begun.

**g. A procedural history of the case, including any previous motions that were decided or submitted, any ADR proceedings or settlement conferences that have been scheduled or concluded, any appellate proceedings that are pending or concluded, and any previous referral to a magistrate judge:**

Plaintiffs filed their class action complaint on March 23, 2022. (ECF No. 1.)

The Parties agreed to waive the formalities of service. (ECF No. 23.)

The deadline for Defendants to respond to Plaintiffs' complaint is June 28, 2022. (ECF No. 28.)

**h. A description of any other deadlines in place before reassignment, including those for dispositive motions, pretrial conferences, and trials:**

None.

**i. Any requested modification of these dates, and the reasons for the request:**

None.

**j. Whether the parties will consent to a magistrate judge for trial:**

The Parties are not consenting to a magistrate judge for trial.

**k. Whether there exists an immediate need for a case management conference to be scheduled in the action, and why the parties believe such a need exists:**

No such need exists.

**l. A plain and specific statement of any immediate relief sought, if applicable, regarding the case schedule:**

None.

1  Dated: May 12, 2022

2  NYE, STIRLING, HALE & MILLER, LLP

   QUINN EMANUEL URQUHART & SULLIVAN, LLP

5  By: */s/ Bonner C. Walsh*
   Alison M. Bernal, Esq.
   alison@nshmlaw.com
   33 West Mission Street, Suite 201
   Santa Barbara, CA 93101
   (805) 698-4242

   By: */s/ Shon Morgan*
   Shon Morgan (Bar No. 187736)
   865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
   shonmorgan@quinnemanuel.com

   Matthew D. Schelkopf (*pro hac vice* forthcoming)
   Joseph B. Kenney (*pro hac vice*)
   **SAUDER SCHELKOPF**
   1109 Lancaster Avenue
   Berwyn, PA 19312
   Telephone: (610) 200-0581
   mds@sstriallawyers.com
   jbk@sstriallawyers.com

   Kari Wohlschlegel (Bar No. 294807)
   Christine W. Chen (Bar No. 327581)
   50 California St, 22nd Floor
   San Francisco, California 94111
   Telephone: (415) 875-6600
   Facsimile: (415) 875-6700
   kariwohlschlegel@quinnemanuel.com
   christinechen@quinnemanuel.com

   Bonner C. Walsh (*pro hac vice*)
   **WALSH PLLC**
   1561 Long Haul Road
   Grangeville, ID 83530
   Telephone: (541) 359-2827
   Facsimile: (866) 503-8206
   bonner@walshpllc.com

   Cristina Henriquez (Bar No. 317445)
   555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065
   Telephone: (650) 801-5000
   Facsimile: (650) 801 5100
   cristinahenriquez@quinnemanuel.com

   *Attorneys for Plaintiffs and Putative Class*

   *Attorneys for Defendants*

**ECF ATTESTATION**

I, Shon Morgan, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the e-filing of the foregoing document in compliance with Local Rule 5-4.3.4(a)(2).

By  */s/ Shon Morgan*
Shon Morgan

JOINT CASE MANAGEMENT STATEMENT